Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50057 | **DATE** | 4/29/2002 |
| **CASE TITLE** | | CRONAU vs. ASCHE | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the reverse Memorandum Opinion and Order, defendant Ernst & Young LLP's motion to dismiss is granted without prejudice. Plaintiff is granted 30 days to file an amended complaint.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAY - 1 2002 | 39 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 APR 30 PM 4: 31 | 4-30-02 | |
| | | FILED-WD | date mailed notice | |
| SW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Christopher Cronau, on behalf of himself and all others similarly situated, filed a complaint against defendants, Larry L. Asche, Diane L. Asche, Leon M. Monachos, and Ernst & Young, LLP asserting liability under Section 10(b) of the Securities Exchange Act of 1934 ("Act") and Rule 10b-5 of the Securities and Exchange Commission. Plaintiff also asserts a claim under Section 20(a) of the Act against all defendants except Ernst & Young. Jurisdiction and venue are proper under 15 U.S.C. § 78aa and 28 U.S.C. §§ 1331, 1391(b). Ernst & Young ("Defendant") moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(2) ("PSLRA"). Defendant contends plaintiff has not met the specific pleading requirements of the PSLRA and Rule 9(b).

To plead a Rule 10b-5 claim the plaintiff must allege the defendant (1) made a misstatement or omission, (2) of a material fact, (3) with scienter, (4) in connection with the purchase or sale of securities, (5) upon which plaintiff relied, and (6) the reliance proximately caused plaintiff's injuries. In re Healthcare Compare Corp. Securities Litigation, 75 F.3d 276, 280 (7th Cir. 1996). Rule 9(b) requires in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The PSLRA provides "the complaint shall specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading . . . ." 15 U.S.C. § 78u-4 (b)(1)(B). It also provides that where "plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." Id. § 78u-4(b)(2). Plaintiff is required to plead the who, what, when, where and how of the circumstances constituting fraud to comply with Rule 9(b), see DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.), cert. denied, 498 U.S. 941 (1990), and must afford a basis for believing he could prove scienter. Id. at 629. The Seventh Circuit has not addressed the precise pleading standard to apply under PSLRA and other courts are divided on the issue. The Ninth Circuit standard is considered the most stringent. See DSAM Global Value Fund v. Altris Software, Inc., 2002 WL 598417, *2 (9th Cir. Apr. 19, 2002) (facts must constitute strong circumstantial evidence of deliberately reckless or conscious misconduct). The Second Circuit standard is considered the most lenient. See Rothman v. Gregor, 220 F.3d 81, 90 (2nd Cir. 2000) ( facts must constitute strong circumstantial evidence of conscious misbehavior or recklessness or show defendant had motive and opportunity to commit fraud). Plaintiff's complaint falls short of even the more lenient Second Circuit standard and is insufficient under the PSLRA and Rule 9(b) requirements.

Plaintiff alleges defendant's false statements were included in various public filings of Asche Transportation Services, Inc. ("Asche") The false statements include representations by defendant that it conducted certain audits of Asche's 1997 and 1998 year-end financial statements in accordance with Generally Accepted Auditing Standards ("GAAS") and its opinion that Asche's financial statements fairly presented Asche's financial position in accordance with Generally Accepted Accounting Principles ("GAAP"). (Compl. ¶¶30, 39, 46) Plaintiff contends these statements are false because during the periods covered by the financial statements there were long-running material abuses by certain Asche officers, directors and related persons or entities. (Id. ¶56) After discovery of these abuses and other improprieties, defendant withdrew its audit opinions for the 1997 and 1998 financial statements. (Id. ¶62) It was subsequently concluded by defendant and Deloitte & Touche (D&T) (which had been retained to review Asche's 1998 and 1999 financial records) that Asche's 1997-99 financial statements were in such disarray that they were incapable of being audited. (Id. ¶ 65)

The complaint sets out various facts to demonstrate how Asche's financial statements deviated from GAAP and how defendant's audit deviated from GAAS. (Id. ¶¶68-70, 74-77) It asserts defendant in the course of providing services to Asche obtained or recklessly disregarded the true and adverse facts about Asche's financial condition and performance. (Id. ¶¶ 78-85)  The facts alleged certainly give rise to the inference defendant did a poor job in conducting its audits. However, the facts do not sufficiently set out the circumstances of fraud or establish motive and opportunity to commit fraud or constitute strong circumstantial evidence of conscious misbehavior or recklessness. Allegations of the certification of inaccurate financial statements and violations of GAAP and GAAS are not sufficient to give rise to an inference of scienter, see Queen Uno Ltd. P'ship v. Couer D'Alene Mines Corp. 2 F. Supp. 2d 1345, 1361 (D. Colo. 1998), though some courts have given such violations significant weight. E.g. Danis v. USN Communications, Inc., 73 F. Supp. 2d 923, 941-42 (N.D. Ill. 1999). The complaint needs more specific factual allegations from which to infer scienter. For example, the complaint does not identify any of defendant's auditors. It does not specify what procedures the auditors followed or what information they discovered and did not disclose or why the procedures followed were so inadequate as to be reckless. It does not specify who at defendant knew of the abuses by Asche insiders or who recklessly ignored evidence of the abuses. It does not allege who at defendant knew the "going concern" qualification in its 1998 audit opinion had to be replaced by a "clean" opinion in order to obtain the Churchill equity financing, why it would matter to defendant if the equity financing was obtained or how defendant would be benefitted by the financing. These types of facts need to be pled to meet the requirements of Rule 9(b) and PSLRA.

Defendant's motion to dismiss is granted without prejudice. Plaintiff is granted thirty days to file an amended complaint.